Dear Mr. Drennen:
You have requested an opinion of this office regarding issues related to the State of Louisiana's Loss Prevention Driver's Safety Program. Specifically, you ask the following two questions:
1. Does current state law require an employee of the state whose primary duty is driving to possess liability insurance even if the employee does not own a personal vehicle?
2. If the answer to question #1 is "no", can the state mandate this requirement by policy?
With one exception, there is no state law requiring an employee of the state whose primary duty is driving to possess liability insurance even if the employee does not own a personal vehicle. Proof of financial responsibility by the operator is required only upon certain convictions. Louisiana Revised Statute 32:851 (10) defines "proof of financial responsibility" as follows:
 "Proof of financial responsibility" means proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of the proof, arising out of the ownership, maintenance or use of a vehicle in the amounts specified in R.S. 32:872
in reference to the acceptable limits of a policy or bond.
Louisiana Revised Statute 32:896 A states:
 When the director under section 414(A) or 414(B) (2) of this Title suspends the license or nonresident operating privilege of any person upon receipt of evidence of conviction, entry of guilty plea, or forfeiture of bond of any person charged with operating a motor vehicle while under the influence of intoxicating beverages or narcotic drugs or stimulants of the central nervous system, or under 667 of this Title for refusal to submit to chemical tests of blood, breath, urine, or other bodily substance for determining the alcoholic content of his blood, no license shall be reinstated or reissued to the person unless such person previously has given or immediately gives and thereafter maintains proof of financial responsibility with respect to all motor vehicles registered by him and shall show financial responsibility individually as a non-owner for a period of three years.
The insurance industry provides a non-owner policy SR-22 to cover individuals who fall under the requirements of LA R.S. 32:896.
LA R.S. 32:897 states:
 Proof of financial responsibility when required under this Chapter with respect to a motor vehicle or with respect to a person who is not the owner of a motor vehicle may be given by filing: (emphasis added)
 (1) A certificate of insurance as provided in R.S. 32:898 or 32:899, or
(2) A bond as provided R.S. 32:903 or
 (3) A certificate of deposit of money or securities as provided in R.S. 32:904 or
(4) A certificate of self-insurance. . . .
Thus, the answer to your first question is that state law does not require an employee of the state whose primary duty is driving to possess liability insurance even if he does not own a personal vehicle unless that person falls under the requirements of R.S. 32:896 and 32:897.
Finally, you inquire if the state can mandate the non-owner insurance requirement by policy. Although LA R.S. 32:896A mandates non-owner insurance by law in the circumstances listed therein, there is currently no provision for requiring non-owner insurance in situations not covered by this statute.
Louisiana Revised Statute 39:1535A lists the duties and responsibilities of the "commissioner of administration through the office of risk management to manage all state insurance covering property and liability exposure, through commercial underwriters or by self-insuring." State owned vehicles are covered under Proof of Financial Responsibility and the provisions of Self-Insurer. Louisiana Revised Statute 39:1533 A establishes the Self-Insurance Fund for the State of Louisiana.
Revised Statute 39:1535B (12) states:
 The duties and responsibilities of the office or risk management shall include but not be limited to the following:
 (12) The promulgation of rules and regulations to establish procedures governing state risks including but not limited to the early reporting of all accidents, property damage, and injuries sustained where a participating or covered entity of the state may be liable for damages in whole or in part in connection therewith, the investigation of such reports, and the compromise of a claim or lawsuit where appropriate.
It would appear that the above cited statute gives the office of risk management broad authority to promulgate "rules and regulations to establish procedures governing state risks."
Further, Revised Statute 39:1543 establishes within the office of risk management a bureau of risk analysis and loss prevention. Louisiana Revised Statute 39:1543A (3) states that the services provided by the bureau shall include:
 Development of a comprehensive loss prevention program for implementation by all state agencies, including basic guidelines and standards of measurement. The activity includes loss control management, facility inspection, accident investigation, rules and regulations, and communications.
Based on the above cited statutes, it appears that the state, through the office of risk management, has the authority to mandate a requirement that an employee of the state whose primary duty is driving possess liability insurance even if that employee does not own a personal vehicle. However, there are additional issues which might be examined by the Division of Administration.
In researching this issue, we have consulted with attorneys and representatives in the Office of Risk Management, Loss Prevention, Risk Litigation and Underwriting. The combined wisdom is that additional factors such as cost effectiveness, employment and Civil Service matters should be considered in making this policy decision.
One of the basic general rules of insurance law is that primary coverage is with the owner of the vehicle. The State of Louisiana Business Auto Policy, Section IV, Business Auto Conditions, Paragraph B5a of form number CA00011293 states:
 For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.
Clearly, the state's own fleet automobile insurance policy is primary for a state owned vehicle and "excess over any other collectible insurance" for a vehicle not owned by the state. Thus, the state policy would be primary for the driver who is driving a state vehicle, whether or not that driver is insured. Even if the employee has owner or non- owner coverage and is driving a state vehicle, the state insurance is primary. Most individual policies have clauses which exclude coverage for vehicles that are insured by a person's employer, and the employee is driving in the course and scope of his employment. A policy such as SR-22 has a similar exclusion. Even if the scenario were such that the state policy is "excess over any other collectible insurance," the courts often dictate otherwise. According to a state attorney who is expert in insurance matters, in the real world judges and juries consider the state policy to be primary, regardless of the disclaimers, exclusions or deniability clauses contained in the policy.
Secondly, the issue of employment matters, which is not addressed in this opinion, is also relevant. A requirement to purchase non-owner insurance would alter the conditions of employment and could put a financial burden on the employee for the benefit of the state. There could also be an issue with Civil Service, which issue is not addressed in this opinion.
In conclusion, there is no current state law that requires an employee of the state whose primary duty is driving to possess liability insurance even if he does not own a personal vehicle. The state could legally mandate this requirement, but the feasibility and benefit of instituting this policy should be examined in light of insurance, litigation and employment issues.
Trusting this adequately responds to your inquires, I remain
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________ SUE MCNABB Assistant Attorney General
RPI:SM/sfj
DATE RELEASED: June 19, 2002